### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL ALLEN LEROY TOWNZEN-HYRES,<br><br>    Plaintiff,<br><br>v.<br><br>GOHIL PARESH and ARORA ENTERPRISE, INC.,<br><br>    Defendants. | Case No. CIV-25-1319-SLP |

### **O R D E R**

The Court is in receipt of Defendant Arora Enterprise, Inc.'s Notice of Removal [Doc. No. 1]. Upon review, the state court Petition attached to the Notice of Removal [Doc. No. 1-1] is unsigned. *See* Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name . . . ."); *see also* Fed. R. Civ. P. 81(c)(1) (stating that the Federal Rules of Civil Procedure "apply to a civil action after it is removed from a state court"). When a party fails to sign a pleading, the Court "must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention." *Id.*

Accordingly, Plaintiff's counsel is directed to promptly correct the pleading deficiency by providing a properly signed Petition that complies with the requirements of Rule 11(a). Plaintiff shall not otherwise change or modify the allegations in the pleading, and the corrected pleading shall serve as a substitute for the original Petition [Doc. No. 1-1]. Accordingly, the corrected Petition shall *not* be called an "amended" petition, and

Defendant Arora Enterprise, Inc. need not re-file its answer. [Doc. No. 1-2]. Plaintiff's counsel is admonished that failure to timely comply with the Court's Order shall result in the Petition being stricken from the Court's docket and may further result in the dismissal of this action without further notice.

IT IS THEREFORE ORDERED that Plaintiff's counsel shall correct the pleading deficiency as set forth no later than November 13, 2025.

IT IS SO ORDERED this 10th day of November, 2025.

_____
SCOTT L. PALK
UNITED STATES DISTRICT JUDGE